UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Yu-Ping David Oyoung, | § | |
| *Plaintiff,* | § | |
| vs. | § | Civil Action: H-05-3000 |
| | § | |
| Texas Systems & Controls, Inc., | § | |
| *Defendant.* | § | |

## JURY VERDICT FORM

**Question No. 1**

Did defendant terminate plaintiff because of plaintiff's national origin?

Answer "Yes" or "No." __NO__


If you answer "Yes" to Question Number 1, then answer Question Number 2. Otherwise, do not answer Question Number 2.

**Question No. 2**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate plaintiff for his damages, if any, that resulted from defendant's conduct?

Consider the following elements of damages, if any, and none other.

"Back pay" is that amount of wages and that plaintiff would have earned if he had not been subjected to his employer's unlawful conduct less any wages he received in the interim.

Do not include interest on any amount of damages you may find.

Answer in dollars and cents for damages, if any.

Answer: __— 0 —__

**Question No. 3**

Did defendant terminate plaintiff because of plaintiff's age?

Answer "Yes" or "No."   _No_

If you answer "Yes" to Question Number 3, then answer Question Numbers 4 and 5. Otherwise, do not answer either Question Numbers 4 or 5.

**Question No. 4**

If you find that defendant terminated plaintiff because of plaintiff's age, then you must also determine whether defendant's action was "willful." To establish willfulness, plaintiff must also prove that when defendant terminated plaintiff, defendant either

      (a) knew that its conduct violated the ADEA, or
      (b) acted with reckless disregard for compliance with the ADEA.

Was defendant's termination of plaintiff "willful"?

Answer "Yes" or "No."  _NO_

**Question No. 5**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate plaintiff for his damages, if any, that resulted from defendant's conduct?

Consider the following elements of damages, if any, and none other.

"Back pay" is that amount of wages that plaintiff would have earned if he had not been subjected to his employer's unlawful conduct less any wages he received in the interim.

Do not include interest on any amount of damages you may find.

Answer in dollars and cents for damages, if any.

Answer: __—0—__

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Yu-Ping David Oyoung, | § | |
| *Plaintiff,* | § | |
| vs. | § | Civil Action: H-05-3000 |
| | § | |
| Texas Systems & Controls, Inc., | § | |
| *Defendant.* | § | |

## **VERDICT**

We, the Jury, find in this case, unanimously, as indicated in the answers to the foregoing Interrogatories.

Signed at Houston, Texas on November _16_, 2006



Foreperson of the Jury